UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Khemall Jokhoo, | Case No. 23-cv-3022 (NEB/TNL) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| Ned G. Wohlman; Kendall James; Colette Peters; and Andre Matevousian, | |
| Respondents. | |

Petitioner Khemall Jokhoo has filed a Petition for a Writ of Habeas Corpus requesting an order directing the Bureau of Prisons (BOP) to immediately transfer him back to pre-release custody, preferably in the form of home confinement. Petition [ECF No. 1]. This matter comes before the Court for review pursuant to Rule 4 of The Rules Governing Section 2254 Cases in the United States District Courts.[1] Upon that review, this Court recommends that the petition be dismissed for failure to state a cognizable habeas claim.

On August 20, 2014, Jokhoo was sentenced in the District of Minnesota to a total term of imprisonment of 175 months after being found guilty of multiple felony counts of fraud in violation of 18 U.S.C. §§ 1344, 1341, and 1343, aggravated identity theft in violation of 18 U.S.C. § 1028A, and false impersonation of an officer or employee of the

---

[1] Jokhoo's habeas petition is not brought pursuant to 28 U.S.C. § 2254. Nevertheless, the Rules Governing Section 2254 Cases may be applied to his petition. See Rule 1(b).

1

United States in violation of 18 U.S.C. § 912, with a total five-year supervised release term to follow. *United States v. Jokhoo*, Case no. 12-CR-309 (DSD/JJK) (D. Minn. Aug. 20, 2014) (ECF No. 139). Jokhoo is currently serving that term of imprisonment at the Renville County Jail, Olivia, Minnesota. [ECF No. 1].

In his habeas petition, Jokhoo contends that he left prison on May 24, 2023, after being told that he was approved for 15 months of home confinement. According to Jokhoo, when he arrived at the Volunteers of America (VOA) in Roseville, Minnesota, a residential re-entry center (RRC), he was told that he would no longer be placed on home confinement but would rather reside at the VOA RRC. Jokhoo claims that even though VOA RRC staff did not have any issues with him, he was arrested on a BOP warrant on September 13, 2023, and is currently detained at the Renville County jail pursuant to Minn. Stat. § 609.14. Jokhoo asserts that the BOP and Renville County jail have violated his due process rights because he is being detained on a violation of Minnesota state law, even though he has not violated Minnesota law and he has not yet been to court.

Jokhoo asserts that the Renville County jail provided him with a copy of the BOP transfer order, but that order does not authorize his arrest and does not permit the Renville County jail to ignore Minnesota state law by refusing to take him to court. According to Jokhoo, he has learned that the staff at VOA RCC have alleged that he committed some violation, but he has not been provided with any paperwork describing the violation. Further, Jokhoo claims that the BOP transfer order says that he requires a more restrictive custodial pursuant to a review of the factors set forth in 18 U.S.C. § 3621(b). But Jokhoo disputes the BOP's analysis of these factors, claiming that § 3621(b) only applies to

prerelease custody placement under the Second Chance Act whereas he is eligible for prerelease custody because he earned sufficient time credits by participating in productive activities (PA) and evidence-based recidivism reduction (EBRR) programming under the First Step Act (FSA). Second, Jokhoo claims that the analysis of these factors should not change as to him because he has not been found guilty of any violation and no one has provided him with any documentation describing any alleged violation. Jokhoo requests an order directing him to be transferred back to pre-release custody, preferably home confinement. Jokhoo's claims, however, should fail because his request to be transferred back to prerelease custody is not a cognizable habeas claim.

A habeas petitioner may challenge only the fact or duration of his confinement. *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). Placement at a residential reentry center (RRC)—also commonly known as a "half-way" house—or on home confinement are considered forms of pre-release custody. *See* 18 U.S.C. § 3624(g)(2). Requesting transfer (or, in this case, to be transferred back) to pre-release custody is not challenging the fact or duration of confinement; rather, courts consider such a request a challenge to the prisoner's *place* of confinement. *See United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (discussing home confinement as a place of confinement); *see also Williams v. Birkholz*, Case No. 20-cv-2190, 2021 WL 4155614, at *6 (D. Minn. July 19, 2021) ("Being transferred to home confinement is not a 'release' for incarceration."), *report and recommendation adopted by* 2021 WL 4155013 (D. Minn. Sept. 13, 2021). Thus, because Jokhoo's request to be placed back into pre-release custody does not qualify as a challenge to the fact or duration of his

3

confinement, a writ of habeas corpus is not the appropriate vehicle for his requested relief. *See Jorgensen v. Birkholz*, No. 20-CV-2349 (NEB/DTS), 2021 WL 2935641, at *1 (D. Minn. July 13, 2021) (listing cases).

Further, to the extent that Jokhoo claims that the BOP's decision to transfer him back to a higher security setting (such as the Renville County jail) triggered procedural due process protections, such as a right to a hearing, Jokhoo's claim fails. "[A] prisoner enjoys no constitutional right to remain in a particular institution and generally is not entitled to due process protections prior to such a transfer." *Murphy v. Mo. Dept. of Corr.*, 769 F.2d 502, 503 (8th Cir. 1985) (per curiam) (citing *Olim v. Wakinekona*, 461 U.S. 238 (1983)). Instead, as courts in this District have repeatedly held, the BOP has exclusive authority to determine the placement of prisoners under 18 U.S.C. § 3624(c)(2), including their transfer to pre-release custody, such as home confinement. *See Garcia v. Eischen*, No. 22-CV-444 (SRN/BRT), 2022 WL 4084185, at *2 (D. Minn. Aug. 16, 2022) (collecting cases). "[I]t is the BOP—not the courts—who decides whether home detention is appropriate." *Williams*, 2021 WL 4155614, at *3.

Jokhoo fares no better in challenging the BOP's § 3621(b) analysis. Section 3621(b) establishes multiple factors for the BOP to consider in determining where a federal prisoner is to be placed during his incarceration. 28 U.S.C. § 3621(b)(1)-(5). Jokhoo asserts that § 3621(b) does not apply to him because that provision only applies to those eligible for prerelease custody under the Second Chance Act whereas he is eligible for prerelease custody under the FSA. Jokhoo is simply wrong. "Section 601 of the [First Step Act] amended 18 U.S.C. § 3621(b) so that it now requires the BOP to take several

4

listed factors into consideration when designating placement, including placing inmates in facilities within 500 driving miles of their primary residence 'to the extent practicable,' but § 601 did not change the language providing that the BOP decides placement." *United States v. Kluge*, Case No. 17-CR-61 (DWF), 2020 WL 209287 at *3 (D. Minn. Jan. 14, 2020). Further, as courts have held in this District, BOP discretionary decisions under § 3621(b) are not subject to judicial review pursuant to § 3625. *See Cottman v. Fikes*, Case No. 21-CV-2393 (SRN/TNL), 2023 WL 2482878, at *4 (D. Minn. Feb. 21, 2023) (listing cases), *report and recommendation adopted by* 2023 WL 2482879 (D. Minn. Mar. 13, 2023). Thus, because this Court has no authority to grant the relief Jokhoo seeks—reversal of the BOP's decision to revoke his prerelease custody and place him back into a more secured facility—Jokhoo's petition for habeas corpus should be dismissed.

[Continued on next page.]

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT** Petitioner Khemall Jokhoo's request for habeas corpus relief under 28 U.S.C. § 2241 [ECF No. 1] be **DENIED**.


Dated: October 27, 2023               s/ Tony N. Leung
                                                  Tony N. Leung
                                                  United States Magistrate Judge
                                                  District of Minnesota


                                                  *Jokhoo v. Wohlman et al.*
                                                  Case No. 23-cv-3022 (NEB/TNL)


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).